All right, should we call the next matter? In re Westhuizen Fritz J. Fuhrman, counsel for appellant Hilda van Van der Westhuizen Scott S. Weltman, counsel for appellee Anastasia Skye Good morning, your honor. And how long would you would you like to reserve some time? Yes, definitely. I'd like to reserve five minutes Okay It's not every day. We're talking about Ohio preclusion law That's correct, your honor. Okay, it's not Fritz Furman appearing on behalf of the appellant may have pleased the court Your honor my client never got a full and fair opportunity to contest the issue of liability in the Ohio court a Default was taken Quickly, and I can I I'm sorry. Okay, that's gonna ask. Okay your argument that only Damages were litigated. That's correct. How do you square that? conclusion with the Ohio trial court We're at page 43 of its findings and conclusions It states that notwithstanding the defendant's liability by virtue of her default The court finds she made false and defamatory statements that injured. Dr. Skye And that notwithstanding language is done in two different paragraphs Your honor that doesn't square with The record in the sense that it's clear. She never got to litigate that In the damages portion the court says we're only litigating Damages here. So so we have the findings of fact and conclusions of the law where the trial court in Ohio says It says I heard testimony from your client we had a multi-day trial and notwithstanding the default I do find you liable but then You know, what evidence did you present to the trial court? the bankruptcy trial court that That showed that the Ohio trial court rendered its ruling Didn't allow her to speak I mean we have the trial court in Ohio saying You did get a speak. You did get a call your witnesses and notwithstanding the default. I find you liable in essence. I'm paraphrasing What did you show in response to the summary judgment motion That that was wrong or that your client didn't have the opportunity to speak on liability in Ohio my clients uncontroverted declaration that says Unequivocally that she did not get a chance to defend herself on the merits as to liability Frankly, I think the courts in Ohio's Verbiage that notwithstanding I Think he had already Decided based on the default that the facts were deemed admitted. Okay, I understand that allegation Okay, but under cell attack, you know in summary judgment You've got to go more you've got to go beyond Allegations you have to show something in the record where the judge says no, we're not going to talk about this The records shows that he did allow her to call witnesses and do it and said notwithstanding the default I find this I didn't see in the record Any evidence I see the allegations that your client said no it didn't happen But doesn't sell a tech require your client to say more As a general rule probably accept that there Wasn't more in this case in that She was doomed once the default was taken and in the I attached a copy of a portion of the transcript of the damages to my Reply, okay that so we were looking at this de novo at Looking at de novo at what was before the bankruptcy court That sentence you put in your reply brief. You're going through a portion of the transcript which indicates that maybe She didn't get to do it, but that wasn't before the bankruptcy court Why didn't you put that in the record in response to the summary judgment? your honor I was not aware of it at the time and The underlying record is substantial, and I was not simply not aware of it at the time. It's difficult to Prove a negative and and I argued that to the Court it's difficult to prove a negative. What else can you say, but I didn't do it and Over and over and over again the damages portion Yeah The question is really is whether it was actually indirectly litigated and The record of that is to show us what happened in Ohio and you had the transcript that had the portion you put in the reply brief That might have been really useful To the bankruptcy court, maybe they would have maybe the judge would have come up with a different answer with that but he didn't have that and He did have the findings of fact and conclusions of law that has the notwithstanding and And this judge was it six or six different days of hearings on this There were five to six. It seems to me partial days, but there were five to six at least partial days of Testimony mostly on dr. Skye's behalf Fighting over the issue of damages not liability not wrongdoing, but damages so she never really got a full or fair opportunity to Litigate that issue of damages and also interestingly the court in Ohio says notwithstanding but relates to no evidence or testimony of Reliability he relies Even though they use the word notwithstanding. It appears that they rely simply on what they deem to be emissions by the default they say the facts are admitted by virtue of the default let me drill down on that just a little bit because I I Had the same fascination as judge Corbett and probably you with all those findings conclusions out of Ohio And I think this is a situation where arguably defamation is a little bit different breed of cat In the sense that oh, yes Pardon me In that there's some intertwining between the pieces that add up to liability I think I'm going to agree with you that I'm still searching for where in the findings and conclusions Other than the complaint slash default there's a direct determination that your client made the statement But there's an awful lot more liability here was the statement made yes, was it published yes? Was it false yes? Was it harmful in different ways yes and defamation depends? I mean you get to damages by assessing the kind of statement into whom it was made There's about four-fifths of the liability here that seems to me was intertwined in the damages piece And I when I when I looked over the findings and conclusions You know there was testimony about Every one of those other points the one thing that was arguably a little bit obscure was did she do it? And if that's what you mean by liability I understand that if you mean the broader question I I think I just read the trend I read the findings differently than you do So comment on that as much as you like yes, your honor if The Other elements are there, but the question is did she make the statement? Did she do it if she did not then the rest of it goes by the wayside and collapses? Completely also, it's even more critical in a 523 a 6 case because you've got to have make a finding that she Willfully intended to harm the you know this is the funny place where that's not so hard Somebody willfully intended it yeah, except that it wasn't my client well Yeah, but that's again for that to come up as it did in the bankruptcy court I'm as curious as I think judge Corbett is is to what extent was that contested and what did you give the bankruptcy court to? Make an alternative finding and I'm stuck there too. Honestly. It's it's a difficult thing, but again your honor one You didn't make a statement What evidence do you show other than your testimony under penalty of you know the question here is not in Sense is not ultimately the truth whether she made the statement or not, but the issue before us is Did she actually and directly? litigate the issue And and and she says she didn't and you've made that allegation But then we have a record that shows that she did get to provide testimony and not withstanding the default The judge found her to be liable However the judge in that case doesn't elaborate as to Whatever what other evidence that they based that decision it it's almost superfluous either that or He Said there's so much else here. I'm going to add in that she must be responsible So what would have been really useful for the the bankruptcy judge is to see the transcript that you quoted from in the reply brief but not at summary judgment and You know how you know the cell attacks burden of responding with facts How did you meet that burden if The evidence the transcript is first time before us in in your reply appellate brief Other than the Declaration Again in a negative. What do you say, but I didn't do it I Mean, how can you you can't produce computer records that says I? Didn't do it And she has steadfastly Fought and maintained that she has never did it also as far as motive and and willful intent to harm her cat one The cat's name is Leonardo by the way, but her cat one. So what's the motive to? Trash this other person. I'm waiting for something to come up with a pun now Crash this other person when your cat one You're about 345 It's totally up to you, but if you want to pause now, that's great. Okay. Thank you. Thank you. Okay Counsel for the Apple II, please Thank You Your Honor Scott Weltman counsel for Apple II dr. Anastasia sky Greetings from Ohio actually so very relevant to my dual licenses in Ohio and in California Speaking from experience a 66 page finds the facts and conclusions of the law at a trial court in Ohio is rare. I Didn't participate in the case below, but I will tell you that I've never seen a 66 page Finds the facts and conclusions of law in Ohio trial court. That's how extensive The litigation was and how extensive the defense was to these allegations. Well counsel. Let me just jump in and ask the We are much more familiar with dealing with California preclusion law for this court and It recites usually the the generally accepted actually necessarily Litigated the Ohio standard is phrased differently actually and directly Does the the actual and directly equate to Necessary and the requirements or elements for issue preclusion under Ohio law You Know we cite the Ohio standard in our briefing I mean this was directly your honor. This was but it wasn't necessary Was it because the default had been established for liability? I understand what you're saying and you know while there was a Default standard finding of liability What then occurred? Was a trial on the merits and the language on a called damage prove-up, right actually If I could follow up Judge Brekker, you know Mr. Weltman, how can we in our de novo review? Conclude that the defendant Actually and directly litigated the issue of liability When on the first page of the Ohio trial courts findings and conclusions, it stated that the matter before it was a damages hearings and as such Liability is not an issue and defendant has already been deemed liable. So we have that We we have the notwithstanding language that I quizzed opposing counsel about but we also have this language And if we're relying on the findings of fact and conclusions of law and what actually whether it was at summary judgment level Whether it was actually directly litigated Don't we have an issue of fact there based on just the face of this again. It says that we're here for a damages hearing and As such liability is not an issue So doesn't that give some sort of inference? to The debtor here that she didn't get to Directly and actually litigate the liability Thank you, your honor. I appreciate the question if that was the only sentence of the opinion then I might agree with you Well, I'm not sure whether I I'm raising a question How I'm going to decide I hope I haven't I haven't made that decision. Okay I'll rephrase it if that was the only sentence I might be concerned with that only sentence But when I get into the additional 65 pages of an opinion and I'm looking at you know Part of the king finds the fact inclusion of law where the where the court multiple times said what the defendant did Which to make that statement it didn't say because of the default. Yeah it's interesting though to look at those voluminous paragraphs and The citation that the judge used for most of those was the complaint I didn't see in it in the air where the judge says I've I've listened to the defendant and I Believed her or I didn't believe her on this. I mean, it's it's not he refers back to the complaint and not to trial testimony Well on the issue of did she do it is that yeah on the issue of did she Asked the damages. It was pretty clear. Well as to was there a statement made? Yes, there's testimony Okay, well, there were also exhibits to the to the complaint right for what that's worth Yeah to the question who made those statements. Yeah And the court conclusively found as did the Court of Appeals in Ohio three on three judge panel that this was the defendant who made those statements and Then I remember specific in the record originally when the lawsuit was filed Dr. Skye and their lawyer didn't know who made the statement. They needed to subpoena records to to go behind the emails that the final who made those statements and That's how they determine who the person was that made those statements. And so, you know that embedded within the entire opinion is Is a conclusion that this person if you think about it this How can you get punitive damages against a person who used by default decide that they that they've made statements, right? That the punitive damages part of it says that this person did it and did it with malice It's it's embedded in the opinion Even in the Court of Appeals in Ohio in the in the 5th district at paragraph 94 it says that you know the trial covered testimony and Was provided evidence which established appellant acted with malice in this case It established that appellant in that appellant being both cases our case and that case Specifically found that the appellant made the statements But but again, you're starting from the premise that the appellant made the statements based upon the default judgment I'm not I'm not starting with that. I don't agree with that. That's well Well all judgment was entered the default judgment was entered I mean that obviously had legal effect and that legal effect was established that defendants liability Which which then resulted in a six-day trial No, it could not have resulted in a six-day trial because liability was already established The trial was on damages. It may have gone over and that's the point I think judge Corbett is saying if you go over that does that then establish liability as a matter of fact? When it was not necessary because of it has established as a matter of law I think to supplement what judge Spraker is saying is that I'm looking at the punitive damages section, okay? and On page 54 of that document Two-thirds down the way the page this paragraph starts defendant has already admitted by virtue of her default That defendant acted willfully and with actual malice. So again, we have as admitted by virtue of her default I Did I went through this and tried to find some place where the defendant admitted on? at the evidentiary hearing or I've listened to the debtor and and I've looked at the evidence and from her demeanor on the stand and what the the language of these defaults I Conclude as a matter of fact that she made them. I didn't I didn't find that type of connection I I understand your concern. However It's it's built into the opinion what's built into the opinion to have this level of detail this level of damages is That if the court while the court may have granted a default right procedurally Ultimately the level of detail that it goes through all the elements and it assesses damages after I hear after six days of hearings and ten witnesses Necessarily means it was decided on the merits There's no other conclusion that I can draw that says that this judge just Flippantly said well, it's a default We're just now we're just gonna be hearing and we're just gonna we're just gonna decide damages That's it. The damages are built into the acts That it's all it's all and it's a bootstrap, but it is ultimately bootstrap by how it was decided Let me ask slightly different subject because I asked your opposing counsel about this Do you want to comment on the portion of the record that came in in the reply brief? What's contained with the record that this court is concerned with is the record that's in front of the bankruptcy judge and You cannot introduce new evidence in the record in the field. You just can't do so Ask you that question because you didn't have a chance to reply to the reply. So right That's why I'm giving you that opportunity. Sure, and you know, we've This case was litigated on how not by me, but by if I have a counsel Again, we so far there's five judges that have all agreed on the exact same facts, right? The trial court judge in Ohio three appellate court judges and now bankruptcy judge. We're asking for six seven eight to agree with the same thing you know, I would also tell you that this case was vigorously defended right and and I alluded to in the record below in the oral argument on the schedules of listed creditors for the for the bankrupt debtor for the appellant in this case is Her attorney who's got a sixty six thousand dollar unpaid bill. This was this was not a Non-disputed non-litigated issue and and you know, there were some serious allegations that were proven They were proven as far as what was done. This this this appellant Terrorized my client. It's been a horrible experience for her, right? This is you know, these these cap readers. It's it's clearly very passionate Situation to the point where even my opposing counsel is still talking about who won the contest Who's won the contest back in what year and and that to be to be falsely accused of Having dirty cat, you know, right raising cats in a horrible environment Worse to be a doctor and have someone go up anonymously. It turned out to be that the appellant Defendant in that case and say that they lost their doctor's license It's it's you know, it's been a horrible experience and it merited that many days of hearings They said the The word default is a word that we're stuck with but I think that's that's a sentence. Well, it's let me let me Jump in from a slightly different perspective. What's the What is the font of the standard here, I mean do you the I think there were citations to a couple of Sixth Circuit BAP opinions and It's an attempt by those courts to determine something that I think you might tell me is not necessarily Finally determined for all purposes by the Ohio Supreme Court so one way to look at those opinions is We really can't decide here. It wouldn't be our job to decide whether the The Ohio courts got something right or wrong. They did what they did. The question is was it complete enough? That that's really the question and that's the question. I think we're all asking here and One way to read the cases is to say that Ordinarily in a default situation, it's very hard to tell that something was actually and directly decided but you can look beyond that So I think what we're struggling with here is how much do we look beyond the fact that it was a default? And it's not it's not even so much what the judge said in Iran the statement of well I did live I was not an issue here anymore Because the question is what did the judge do? I think is more of the point and that's where I think that's where I'm struggling because it's still Hard for me to get over the line of to what extent was this basic question of it was it her who did these things? Is still murky for me and that's that's obviously a big one Yeah, probably more than that but go ahead Yeah, okay, so so the identical parties Litigated the identical issue that that's it at stake here in this case that that's that's the collateral estoppel part of it These are the exact same party with the exact same issue and this this was not this I mean, I I've personally taken Hundreds maybe more default judgments in my day which are done through motion practice and maybe through affidavits and Maybe a brief damages hearing ex parte when I say it's party the other party chose not to show up That is not this case. This is not a default hearing. This is not a default judgment award Okay, and that's you know again I would implore the court to really I mean I'm sure you have but to reread the opinion and rewrite all that the testimony and what took place a Judge a trial court judge in any state Is not going to entertain six days of hearings When they've already made a decision that someone's winning and someone's losing That's just not that's not typical and that's not in this case That's not what happened. What happened was a full trial on the merits not again We're notwithstanding is a critical word that's been pointed out I was gonna use it myself without trying to quote that case, but notwithstanding that right now we're saying that you're talking about Six days ten witnesses where we're with an award of this level this up this this amount of damages Which is a significant amount of damages in the case like this, right where there were concrete provable damages No judge is gonna make that one without having made that determination Which they put in their opinion by the way and which the Court of Appeals affirmed by the way that that this was this defendant who took this action and Who then had to have damages issued against them those those are more than implied in both of those decisions You know my time is up, but I'm here for the answer more questions anybody have a question. Thank you. Okay. Thank you very much Thank you. Mm-hmm Okay, mr. Furman you got about 342 here. Yes your honor. I'll try to be brief When you start from the premise Which a default does you start from the premise that all the allegations in the complaint are? conclusively established Well isn't it all the well-pleaded ones I mean I could file a complaint that says Northern Ireland belongs to the Republic and so what you know Doesn't mean the Brits are gonna give it back No However, well pleaded just means that you have factual detail, but that's kind of let me let me explore that for a minute I'm not trying to interrupt you, but this is There is a complaint. It does attach the emails and At some point there was some further research done at least in the mind of the plaintiff here that established that when you trace that Back out you get to the defendant So there is something that's more than just someone said it There is something that inferentially led to that so does that how do I how do we factor that in? Your honor they assumed that all that is true, and they assumed that my client Sent those emails notwithstanding that when they were purportedly sent she was out of town That's the great thing about the Internet, right? I'm sorry. That's the great thing about the Internet She could be out of town she could be all kinds of places and send an email right yes However, you ordinarily emails can be traced, and I believe in this case the underlying case they were in fact traced to At least her neighborhood in in Minnesota At a time when she was not there, and I'm not asking this court to Reverse the decision and render a judgment in favor of my client. I'm asking in this court to reverse summary judgment and Allow my client to put on a proper defense at which time I'm confident that She will Be found not liable she didn't do it What would she put on that wasn't presented during those five or six days at at trial and at the damages hearing well? She wouldn't she wasn't allowed And she didn't have the entire time and as a sample, and that's the question that you're saying she wasn't allowed yes, but What all we know I mean in responding this we know that she was heard We know that she could call witnesses But nowhere do we have the transcript? You know did the bankruptcy judge have a transcript that said that the Ohio judge said no, I won't hear you In instead of that the bank the Ohio trial court judge says Okay, yes, you were defaulted, but notwithstanding. You know after I heard you I've concluded this So at some point We know she was heard We know she spent attorneys fees in doing it. We know she called her witnesses and Notwithstanding the default we know the judge found her liable So where did the bankruptcy court judge have anything to support the fact that she wasn't heard? Other than her declaration, but that's but but all she said I'm looking through you can if you want I won't cut you off even though it's only 15 seconds left if you can tell me where I've read her declaration talks more about service and Jurisdiction and just has a conclusory thing I didn't do it Okay, the bankruptcy the bankruptcy court heard that the Ohio Trial court heard her say that What else was she precluded from presenting to the court either the court? Essentially we she was was prevented from offering expert testimony Regarding the source of the email she was prevented from saying she was in Denver with her family But that was not before that was not argued to the bankruptcy court judge that was not even Her declaration I believe and I don't know the paragraph number her declaration says I was in Denver with my family and So if the e purported emails came from her house in Denver with her family, which we could support with airline tickets and hotel reservations She could but her declaration doesn't say that she was precluded From making that argument to the Ohio trial court They Denied her motion to Set aside the default even though the default was taken within a couple weeks of when the answer was due They Wouldn't let her Dispute the underlying facts and those are critical particularly to a finding of non-discharge ability where those findings have to be narrowly construed narrowly construed in favor of The debtor and in this case the debtor did not have a fair opportunity To a full and fair opportunity to litigate all this all the fight was over Damages, which this was a complex area of law both restraint of trade unfair trade practices Slander and that the damages are fairly complex. So this in my view the Largest time was spent simply on Expert witnesses establishing that her practice was damaged established that her reputation was damaged and So my client didn't get to properly present a defense that she didn't do it if this case is reversed, she will present such evidence and I believe that the Bankruptcy court would discharge this debt. Okay, we're Yes, three minutes over so thank you so much I apologize. No, I don't apologize. It was very helpful. Thank you Thanks to both of you for your very good arguments. We don't see this issue every day. We will do our best to get you something Dispositive and quickly Thank you very much. Okay, and with that I think we are in recess all rise. This session is now adjourned
judges: Lafferty, Spraker, and Corbit